UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA A. SCHMIDT, | No. 2:20-cv-02336-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

Plaintiff, who is proceeding pro se in this action, filed an original complaint, with attachments, under seal. (ECF No. 1.) Plaintiff also filed a request to seal the complaint and its related exhibits, because they "are replete with personal and confidential information." (ECF No. 2 at 4.) For the reasons below, the court denies plaintiff's request to seal but grants plaintiff leave to file redacted versions of the documents attached to the complaint.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 597 (1978); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Thus, when assessing a motion to seal, courts "state with a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir.2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of

1

accountability and for the public to have confidence in the administration of justice." United States v. Amodeo (Amodeo II ), 71 F.3d 1044, 1048 (2d Cir.1995); see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev., 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The 'compelling reasons' standard applies when the documents are connected to a motion or filing that "is more than tangentially related to the merits of the case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

Here, the court finds that the compelling reasons standard applies to plaintiff's request to seal, because the documents are attached to the complaint, part of the judicial record, and are thus more than tangentially related to the merits of the case. They are not merely documents unearthed during discovery. See Baldwin v. United States, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. I. 2010) (holding that the compelling reasons standard applied to tax documents attached to plaintiff's complaint).

Because the compelling reasons standard applies, the court must determine whether compelling reasons exist to seal the requested documents. Under the stringent 'compelling reasons' standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Kamakana, 447 F.3d at 1179. The court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. (quoting Foltz, 331 F.3d at 1135). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." Nixon, 435 U.S. at 599. Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." Id. at 598–99.

At least one court has considered whether tax documents attached to a complaint against

the United States seeking a tax refund should be sealed under the compelling reasons standard. See Baldwin v. United States, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. I. 2010). In Baldwin, the plaintiff sued the United States seeking a tax refund, and in doing so, he voluntarily attached personal tax records and asked the court to seal the records. Id. The court found that plaintiff's fear of being the victim of criminal activity if his financial information were made public was generalized and not supported by sufficient facts, and thus there were no compelling reasons to override the presumption of access to judicial records. Id. Moreover, the court found that the Internal Revenue Code ("IRC") did not require plaintiff's tax information to be sealed. Although the IRC generally requires tax returns and tax information to be confidential, there is an exception for judicial proceedings. Id. Under 26 U.S.C. section 6103(h)(4), a "return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—(A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title; [or] (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding . . . ." Id. Because the plaintiff was a party to the lawsuit, and the suit arose out of the determination of plaintiff's civil liability in respect of a tax imposed under the IRC, the tax code did not require the information to be sealed.

This case is analogous to Baldwin. Like the plaintiff in Baldwin, plaintiff here is suing the federal government for a tax refund. Plaintiff's allegations that she may be the victim of fraud if her tax information is released is generalized, and thus she has not demonstrated compelling reasons to deny the public the right to access to judicial records. Similarly, the tax code does not mandate sealing because plaintiff is a party to the lawsuit, and the suit arises out of plaintiff's potential liability in respect to a tax imposed under the IRC. Thus, the court denies plaintiff's request to seal the complaint and its attachments because plaintiff has failed to meet the compelling reasons standard.

Nevertheless, the Federal Rules of Civil Procedure provide an alternative solution that will ameliorate plaintiff's concerns about the disclosure of sensitive information, while also keeping

the public's right to view public records intact.  Under Federal Rule of Civil Procedure 5.2, a party may redact from court filings certain personal information, such as the party's social-security number and taxpayer-identification number, date of birth, and financial account numbers.  A court, for good cause, may also order other information be redacted.  Fed. R. Civ. P. 5.2(e)(1).

Here, although the court declines to seal the complaint and the attachments, the court finds good cause to permit plaintiff to redact certain sensitive tax and medical information.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to seal documents (ECF No. 2) is denied;
2. The Clerk of Court shall send plaintiff copies of the documents filed at ECF Nos. 1 and 2 in this action;
3. Plaintiff shall redact these documents to contain only the last four digits of any Social-Security numbers or tax-identification numbers, and only the year of any dates of birth.  Plaintiff may also redact any financial or medical account numbers.  Plaintiff shall return the redacted documents to the Clerk of Court;
4. Upon receiving the redacted documents, the Clerk of Court shall replace ECF Nos. 1 and 2 on the docket with the redacted versions, and unseal all documents filed in this case.

Dated:  December 1, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.2336.seal

4