UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA A. SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | No. 2:20-cv-2336-TLN-CKD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 13) |

Plaintiff Cynthia Schmidt proceeds without counsel, seeking a refund of federal tax paid. This matter was referred to the undersigned pursuant to Local Rule 302(c)(3). See 28 U.S.C. § 636(b)(1). Defendant moved to dismiss the complaint. (ECF No. 13.) A hearing on the motion took place via Zoom on September 29, 2021. Plaintiff appeared at the hearing pro se. Attorney Christian Mejia appeared on behalf of the United States as the proper party defendant. For the reasons set forth below, it is recommended the court grant the motion to dismiss.

**I.  BACKGROUND**

On or about February 22, 2015, plaintiff filed a Form 1040 (U.S. Individual Tax Return) with the Internal Revenue Service ("IRS") for tax year 2013. ("Original Return"). Complaint, ¶ 9. Subsequently, on or about December 15, 2017, plaintiff filed a Form 1040X (Amended U.S. Individual Income Tax Return) to amend her Original Return for tax year 2013 and seek an income tax refund in the amount of $31,904 ("Refund Claim"). Complaint, Exhibit B, at 2.

1

By letter dated September 27, 2018, the IRS informed plaintiff it intended to disallow her Refund Claim on the following basis:

> Review of IRC §6511(b)(2)(A) & IRC §6511(b)(2)(B) only payment made after June 26, 2014 are eligible for refund; this is based on your claim file date of December 26, 2017. Federal income tax withheld from Form W-2 for 201312 tax periods were made before the June 26, 2014 and have not meet [sic] the limits under stated IRC sections.
>
> Any payments or credits or amounts eligible (after June 26, 2014) for refund were previously refunded to you on June 1, 2015.

Complaint, Exhibit G (ECF No. 1 at 42).

On or about October 5, 2018, plaintiff sent a letter responding to the IRS and setting forth her disagreement with the stated reasoning to disallow the claim, in part, as follows:

> Please note that I filed my 2013 tax return on 2/22/15. That means my three year expiry date would have been 2/22/18. But, as you state yourself, I filed my 1040x on 12/26/17, well before the three year expiration.

Complaint, Exhibit H (ECF No. 1 at 47). Plaintiff included attachments with the correspondence including a letter explaining why plaintiff's revised W2 for tax year 2013 was issued late on April 6, 2018. Id. Complaint, Exhibit H (ECF No. 1 at 53-54).

By letter dated December 6, 2018, the IRS disallowed the Refund Claim, stating the following reason for disallowance: "You have not met the refund statute expiration date guidelines to meet the requirements of a valid claim." Complaint, Exhibit I (ECF No. 1 at 56).

Plaintiff initiated this action against the IRS on November 23, 2020. The complaint seeks to recover $31,904.00, the amount sought and denied in the Refund Claim.

The United States of America, as the proper party defendant, filed the pending motion to dismiss on July 26, 2021. Defendant moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(1) asserting this court lacks subject matter jurisdiction. (ECF No. 13.) Plaintiff opposes the motion and defendant filed a reply. (ECF Nos. 15, 16.)

Defendant makes a facial and factual attack to subject matter jurisdiction for the complaint. Defendant argues plaintiff's Refund Claim was untimely under 26 U.S.C. § 6511(b)(2), which is a lookback period limiting refunds to amounts paid within 3 years of filing

2

the claim for refund (plus six months in this case because plaintiff received a six-month extension to file the Original Return). Per plaintiff's Form 4340, however, plaintiff's taxes paid for tax year 2013 were deemed paid on April 15, 2014. Thus, defendant argues, plaintiff's Refund Claim filed on December 15, 2017 was untimely under the lookback period of § 6511(b)(2), which sets forth a jurisdictional requirement and bars judicial review in this case. Defendant argues plaintiff did not meet the requirements for tolling under 26 U.S.C. § 6511(h) for "financial disability" and that the lookback period of § 6511(b)(2) cannot be equitably tolled.

Plaintiff acknowledges the Refund Claim did not demonstrate financial disability to the IRS and argues it would have been illogical to submit the information at that time because she was still sick and still meeting the requirements for financial disability for all of 2017.[1] In addition, when plaintiff received notice of the IRS's intent to disallow the Refund Claim, plaintiff believed the IRS was rejecting the Refund Claim for a reason other than the time limits of 26 U.S.C. § 6511(b)(2).[2] Plaintiff asks the court to consider the evidence submitted with her complaint of her financial disability based on the special circumstances of her case, including the fact that the IRS issued a Private Letter Ruling (PLR) declaring the 2013 disability income tax-exempt.[3]

---

[1] Plaintiff was diagnosed with a progressively deteriorating condition and became permanently disabled in 2001. In April of 2017, plaintiff became very ill and was hospitalized. She remained bedridden and unable to do any kind of paperwork until the end of 2018. Complaint, Exhibit E.

[2] Plaintiff believed the IRS was rejecting the Refund Claim because of a misunderstanding pertaining to her tax-exempt status as of June 10, 2013.

[3] Plaintiff argues she holds the special circumstance of a

> long and complex relationship [with the IRS] in 2013 in the creation of a Voluntary Employees Beneficiary Association (VEBA) through a Private Letter Ruling (PLR) issued by the [IRS] declaring the 2013 disability income tax-exempt [which] led the Plaintiff to believe, during the internal administrative procedure with the IRS, that the [IRS] was seeking documents related to *this* weighty affair—the PLR establishing the VEBA and its tax-exempt status—which she repeatedly provided documentation for with the Refund Claim (Exhibit B) and with the subsequent internal IRS 30-day appeal (Exhibit H). [¶] In summary, to the Plaintiff, her accountant, and the 'Counsel to the VEBA,' any 'untimeliness' resulting in the Disallowance of the Plaintiff's Refund Claim could only have been

## II. LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if the court lacks subject matter jurisdiction to adjudicate the claim. A facial attack to subject matter jurisdiction is based solely on the allegations in the complaint, documents attached the complaint, and judicially noticed facts. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack, in contrast, is one in which subject matter jurisdiction is challenged as a matter of fact and is based on evidence outside of the pleadings. Id. at 1039. The United States Court of Appeals for the Ninth Circuit has held that Forms 4340, which are generated under seal and signed by an authorized delegate of the Secretary of the Treasury, are self-authenticating under Federal Rule of Evidence 902(l) and admissible as a public record under Federal Rule of Evidence 803(8). Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1992).

## III. DISCUSSION

### A. Substitution of the Proper Defendant

Defendant asks the court to dismiss the IRS from this action and substitute the United States as the proper defendant. Plaintiff does not oppose this request.

As an agency of the United States, the IRS enjoys sovereign immunity from suit in the absence of Congressional authorization. City of Whittier v. United States Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). Congress has not authorized suits against the Department of the Treasury or any of its divisions or branches. Castleberry v. Alcohol, Tobacco, & Firearms Div. of Treasury Dept., 530 F.2d 672, 673 n. 3 (5th Cir. 1976). The United States is the proper defendant in a tax refund suit. See 26 U.S.C. § 7422(f)(1). Accordingly, the United States should be substituted for the IRS as defendant and the IRS should be dismissed from the case.

////

////

---

related to the PLR, the VEBA and the lateness of the corrected W-2. All of these were provided to the IRS in the 30-day appeal and, as per the PLR, *should have resulted in the refund* of the Plaintiff's 2013 tax-exempt income.

(Opposition to Motion to Dismiss (ECF No. 15 at 8-9) (italics in original).)

4

**B. Jurisdictional Bar for Untimely Refund Claims**

"A taxpayer seeking a refund of overpaid taxes ordinarily must file a timely claim for a refund with the IRS under 26 U.S.C. § 6511." Comm'r v. Lundy, 516 U.S. 235, 239 (1996). That section contains two separate provisions for determining the timeliness of a refund claim- a filing deadline and a lookback period- as follows:

> It first establishes a filing deadline: The taxpayer must file a claim for a refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." § 6511(b)(1) (incorporating by reference § 6511(a)). It also defines two "look-back" periods: If the claim is filed "within 3 years from the time the return was filed," *ibid.*, then the taxpayer is entitled to a refund of "the portion of the tax paid within the 3 years immediately preceding the filing of the claim." § 6511(b)(2)(A) (incorporating by reference § 6511(a)). If the claim is not filed within that 3-year period, then the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." § 6511(b)(2)(B) (incorporating by reference § 6511(a)).

Id. at 240.

In United States v. Brockamp, 519 U.S. 347, 350 (1997), the Supreme Court unanimously concluded that equitable tolling on nonstatutory grounds of the time limitations set forth in 26 U.S.C. § 6511 was inappropriate. The following year, Congress enacted 26 U.S.C. § 6511(h) to statutorily suspend the running of the limitations period while a taxpayer is unable to manage his or her financial affairs due to a disability. The statute defines financial disability and states "[a]n individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). Issued by the IRS in 1999, Revenue Procedure (Rev. Proc.) 99-21 provides the "form and manner" required by the Secretary to prove that a taxpayer was "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment." Id.

> SECTION 4. PROCEDURE
>
> Unless otherwise provided in IRS forms and instructions, the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).

////

>   (1) a written statement by a physician... qualified to make the determination, that sets forth:
>
>   (a) the name and description of the taxpayer's physical or mental impairment;
>
>   (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
>
>   (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
>
>   (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
>
>   (e) the following certification, signed by the physician:
>
>   I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.
>
>   (2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person [were] authorized to act on behalf of the taxpayer in financial matters during any party of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

26 CFR 601.105 (Rev. Proc. 99-21).

Here, plaintiff's Refund Claim met the filing deadline of 26 U.S.C. § 6511(b)(1), but not the lookback period of § 6511(b)(2). The Refund Claim did not include documents meeting the requirements of Rev. Proc. 99-21 to show any period of financial disability. Although plaintiff alleges she was financially disabled such that she is and was entitled to tolling under 26 U.S.C. § 6511(h), the documents submitted to the IRS did not support such a determination.

Although the United States has waived its immunity and consented to suit by a taxpayer seeking a tax refund, the waiver is limited by 26 U.S.C. § 7422(a) which requires the timely filing of an administrative refund claim as a jurisdictional prerequisite to bringing suit in federal court. Zeier v. U.S. Internal Revenue Serv., 80 F.3d 1360, 1363 (9th Cir. 1996). That section provides, in pertinent part, "No suit or proceeding shall be maintained in any court" for a refund of taxes or

penalties paid, "until a claim for refund or credit has been *duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a) (emphasis added). "To be 'duly filed,' a claim must be filed in accordance with, *inter alia*, the provisions of [26 U.S.C.] § 6511." Imperial Plan, Inc. v. United States, 95 F.3d 25, 26 (9th Cir. 2013). This includes the requirement to furnish proof of impairment "in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A).

As set forth, Rev. Proc. 99-21 requires that both the physician's statement and the taxpayer's statement be submitted with the taxpayer's refund claim. 26 CFR 601.105 (Rev. Proc. 99-21, §§ 1, 4). "To take advantage of this provision, a taxpayer must strictly comply with its requirements." Nunn v. United States, No. CIV. A. 3:08-CV-199-S, 2009 WL 260803, at *4 (W.D. Ky. Feb. 4, 2009); see also, e.g., Adams v. IRS, No. 2:13-cv-04525–CAS (MRWx), 2014 WL 457915, at *4 (C.D. Cal. Feb. 3, 2014) ("[P]laintiffs have not alleged a basis for suspension of these limitations period because they allege they did not provide information regarding [the taxpayer's] disability at the time they filed the claims."). The requirements of Rev. Proc. 99-21 must be met in order for the tolling provision of 26 U.S.C. § 6511(h) to apply even if the IRS is on notice that a taxpayer is alleging financial disability. See Abston v. Comm'r of Internal Rev. Serv., 691 F.3d 992, 995 (8th Cir. 2012) (collecting cases in which appeals were dismissed as time-barred where taxpayer's administrative claim of financial disability was not supported by a physician's statement that complied with Rev. Proc. 99-21).

The court cannot consider the special circumstances of this case to find plaintiff was financially disabled because that would ignore Congress' instruction that "[a]n individual shall not be considered to [be financially disabled] unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). Plaintiff's opposition to the motion to dismiss quotes language from one of the few cases in which a district court has been willing to exercise jurisdiction despite certain defects in the proof offered to the IRS to show financial disability. See, e.g., Bowman v. Internal Revenue Serv., No. CIV S-09-0167 MCE GGH, 2010 WL 2991712, *4 (E.D. Cal. Apr. 30, 2010) ("Where a physician substantially complies with Revenue Procedure 99-21, technical deficiencies may be cured by a

supplemental statement.") Even if this court were to consider a similar approach, this is not a case in which the statement and certification were provided and are merely technically defective.

Plaintiff's Refund Claim did not comply with the requirements of Rev. Proc. 99-21 to show any period of financial disability, which was necessary to reach the 2013 income tax deemed paid on April 15, 2014 under the applicable lookback period. Accordingly, while the court is sympathetic to plaintiff's situation, the court has no discretion to deprive the United States of its sovereign immunity where the Refund Claim was untimely under 26 U.S.C. § 6511(b)(2). See 26 U.S.C. § 7422(a); Imperial Plan, 95 F.3d at 26.

### IV. CONCLUSION

The court lacks jurisdiction over plaintiff's claim for a refund. The jurisdictional defect cannot be cured by amendment. For these reasons, IT IS RECOMMENDED:

1. The Clerk of Court be directed to substitute the United States for the IRS as the proper defendant and the IRS be dismissed from the case;
2. Defendant's motion to dismiss under Rule 12(b)(1) (ECF No. 13) be GRANTED;
3. Plaintiff's complaint be dismissed for lack of subject matter jurisdiction; and
4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2021

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

8.Schmidt.20cv2336.mtd